UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GROTE INDUSTRIES, LLC an Indiana limited liability company, GROTE INDUSTRIES, INC. an Indiana corporation, WILLIAM D. GROTE, III, WILLIAM DOMINIC GROTE, IV, WALTER F. GROTE, JR., MICHAEL R. GROTE, W. FREDERICK GROTE, III, JOHN R. GROTE,<br><br>            Plaintiffs,<br><br>         vs.<br><br>KATHLEEN  SEBELIUS in her official capacity as Secretary of the United States Department of Health and Human Services, HILDA L. SOLIS in her official capacity as Secretary of the United States Department of Labor, TIMOTHY  GEITHNER in his official capacity as Secretary of the United States Department of the Treasury, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF LABOR, UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>            Defendants. | No. 4:12-cv-00134-SEB-DML |

**ORDER DENYING MOTION TO RECONSIDER**

This cause is back before the Court on Plaintiffs' December 31, 2012 Motion to

Reconsider [Docket No. 41], directed towards our December 27, 2012 Order Denying Plaintiffs'

Motion for Preliminary Injunction [Docket No. 40].  There we ruled *inter alia* that Plaintiffs had

1

failed to establish a reasonable likelihood of success on the merits of their claim that the preventive care coverage regulations ("the Mandate") issued under the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010), as amended by the Health Care and Reconciliation Act, Pub. L. No. 111-152, 124 Stat. 1029 (2010) ("Affordable Care Act"), violate their rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq*. ("RFRA"). We also held that Plaintiffs had failed to establish a likelihood of success on the merits of their constitutional and other statutory claims, brought respectively under the First and Fifth Amendments to the United States Constitution and the Administrative Procedures Act.

Plaintiffs now request that we reconsider that Order in light of the late-breaking emergency ruling by a motions panel of the Court of Appeals for the Seventh Circuit in *Korte v. Sebelius*, No. 12-3841 (7th Cir. Dec. 28, 2012), which decision was handed down the day following the issuance of our Order. In *Korte*, the panel majority, over the dissent of Judge Rovner, issued an injunction pending appeal on issues similar to those presented in the case before us, holding that "the Kortes have established a reasonable likelihood of success on their claim that the contraception mandate imposes a substantial burden on their religious exercise" under RFRA. *Id.* at 5.

In their motion for reconsideration, Plaintiffs seek an order, which they characterize as warranted by the Seventh Circuit's *Korte* decision, entering the following injunctive directives: "(1) a for-profit corporation and its owners may assert a religious exercise claim; (2) the mandate imposes a substantial burden on the religion of objecting businesses and owners; (3) the government defendants do not establish that the Mandate is the least restrictive means to further a compelling governmental interest; (4) irreparable harm will result to objecting businesses and

owners; and (5) the balancing of harms weighs in favor of the objecting businesses and owners." Pls.' Mot. at 5.

As our Order made clear, we found that the Mandate did *not* impose a substantial burden on Plaintiffs' free exercise of religion under the RFRA and further found that Plaintiffs *failed* to establish a likelihood of success on the merits of their constitutional and other statutory claims. Accordingly, we did not address whether the Mandate is the least restrictive means to further a compelling governmental interest nor did we assess irreparable harm or the balance of the harms.

We acknowledge that there are substantial similarities between the facts and legal issues presented in the case before us and those in *Korte* and, of course, while we are entirely respectful of the Seventh Circuit panel's opinion, we are not bound by it as a precedential ruling because the appellate ruling was not a plenary decision of the Court on the merits, but a grant of emergency relief, based on its preliminary determination. The Court of Appeals order in *Korte* thus serves in effect as a stay rather than a reversal of the district court's decision. As recognized by Judge Sykes in writing for the Court in a prior case, *United States v. Henderson*, 536 F.3d 776 (7th Cir. 2008): "Often a motions panel must decide an issue 'on a scanty record,' and its ruling is 'not entitled to the weight of a decision made after plenary submission.'" *Id.* at 778 (quoting *Johnson v. Burken*, 930 F.2d 1202, 1205 (7th Cir. 1991)); *see also Homans v. City of Albuquerque*, 366 F.3d 900, 905 (10th Cir. 2004) ("[A] motions panel's decision is often tentative because it is based on an abbreviated record and made without the benefit of full briefing and oral argument.") (quotations and citations omitted). The panel majority took pains in the *Kortes* order to emphasize that the motions panel decision did not constitute a plenary ruling by the Court on the merits, specifically, referencing the "early juncture" at which the issues before the panel were being considered, and stating that resolution of the question of

3

"[w]hether the government's interests qualify as 'compelling' remains for later in this interlocutory appeal" and is a "judgment [reserved] for our plenary consideration of the appeal …." *Korte*, No. 12-3841, at 6.

At the time we issued our Order, we relied on the legal authorities in place at that time, explicating in detail our reasoning and analysis and final decision in light of the existing facts and applicable precedent. Indeed, our analysis closely tracks the reasoning in Judge Rovner's dissent in *Korte*, including, for example, the references to concerns that, if secular, for-profit employers have the right to decline to pay for particular types of medical care to which they object, despite neither the corporation nor the individual owners being involved with the decision to use the objectionable services, "it is not clear … what limits there might be on the ability to limit the insurance coverage the employer provides to its employees, for any number of medical services (or decisions to use particular medical services in particular circumstances) might be inconsistent with an employer's (or its individual owners') individual religious beliefs." *Id.* at 7; *see Grote Indus., LLC v. Sebelius*, No. 4:12-cv-134, 2012 WL 6725905, at *6 (S.D. Ind. Dec. 27, 2012) ("We can imagine a wide variety of individual behaviors that might give rise to religiously-based scruples or opposition, such as alcohol consumption or using drugs or tobacco, or homosexual-related behaviors, all of which can threaten health conditions requiring treatment and care. If the financial support for health coverage of which Plaintiffs complain constitutes a substantial burden, secular companies owned by individuals objecting on religious grounds to such behaviors, including those businesses owned by individuals objecting on religious grounds to *all* modern medical care, could seek exemptions from employer-provided health care coverage for a myriad of health care needs, or for that matter, for any health care at all to its employees.").

4

Despite the obvious similarities between *Korte* and our case, and despite the usual, required deference due appellate rulings by a district court, we find that it would be improvident to grant the broad-based requests as framed by Plaintiffs in their motion to reconsider. Their motion for reconsideration requests substantive findings on issues that not only conflict with our prior determinations, they also exceed the scope of the Seventh Circuit's rulings in *Korte*. For example, Plaintiffs' request that we rule that the government cannot establish that the Mandate is the least restrictive means to further a compelling governmental interest does not comport with our prior analysis or that set out in *Korte*. The panel expressly stated that whether the government's interests were compelling "remains for later in this interlocutory appeal." *Korte*, No. 12-3841, at 6. In addition, Plaintiffs' request that we find that a for-profit corporation and its owners may assert a religious exercise claim exceeds the Seventh Circuit's decision, which lacked any substantive ruling as to whether for-profit, secular corporations can be deemed to exercise religion.

Thus, we deny Plaintiffs' motion for reconsideration. Given the preliminary nature of the Seventh Circuit's ruling in *Korte* as well as the procedural posture of our case, Plaintiffs' only viable avenue to the relief they seek must be through an appeal, which we anticipate will be filed by them forthwith. The Motion to Reconsider accordingly is <u>DENIED</u>.

IT IS SO ORDERED.

Date: 01/03/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew S. Bowman
ALLIANCE DEFENDING FREEDOM
mbowman@alliancedefendingfreedom.org

Michael J. Cork
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
mcork@bamberger.com

Michael A. Wilkins
BROYLES KIGHT & RICAFORT, P.C.
mwilkins@bkrlaw.com

Bryan H. Beauman
STURGILL, TURNER, BARKER & MOLONEY, PLLC
bbeauman@sturgillturner.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

Jacek Pruski,
US DEPARTMENT OF JUSTICE
jacek.pruski@usdoj.gov